# United States Court of Appeals
## For the Eleventh Circuit

No. 05-14516

District Court Docket No.
04-00145-CV-WCO-2

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Dec 23, 2005

THOMAS K. KAHN
CLERK

GREGORY EARL WHITNER,

Plaintiff-Appellant,

versus

RICK MOORE,
Sheriff of Habersham County,
Individually and in his official capacity,
ISRAEL SEGARS,
Individually and in his official capacity,

Defendants-Appellees.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

---

Appeal from the United States District Court
for the Northern District of Georgia

---

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

Entered: December 23, 2005
For the Court: Thomas K. Kahn, Clerk
By: Jackson, Jarvis

ISSUED AS MANDATE
FEB 1 0 2006
U.S. COURT OF APPEALS
ATLANTA, GA.

FILED IN CLERK'S OFFICE
U.S.D.C. Gainesville

FEB 1 3 2006

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 05-14516
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 23, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00145-CV-WCO-2

GREGORY EARL WHITNER,

Plaintiff-Appellant,

versus

RICK MOORE, Sheriff of Habersham County,
individually and in his official capacity,
ISRAEL SEGARS, individually and in his official capacity,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Georgia

(December 23, 2005)

Before BLACK, BARKETT, and MARCUS, Circuit Judges.

PER CURIAM:

Gregory Earl Whitner appeals the district court's entry of summary judgment in favor of Habersham County Deputy Israel Segars based on qualified immunity. Whitner sued Deputy Segars, pursuant to 42 U.S.C. § 1983, alleging Segars arrested him and seized his property without probable cause in violation of his Fourth Amendment rights.[1] On appeal, Whitner argues that Deputy Segars was not entitled to qualified immunity because no reasonable officer would have believed that probable cause, or arguable probable cause, existed to arrest him under the circumstances of this case. We disagree and, accordingly, affirm the entry of summary judgment based on qualified immunity.

The parties are familiar with the background facts, which were thoroughly described by the district court in its order, and we do not recount them again here. We review de novo a district court's entry of a summary judgment motion based on qualified immunity, applying the same legal standards as the district court. See Lee v. Ferraro, 284 F.3d 1188, 1190 (11th Cir. 2002). We resolve all issues of material fact in favor of the plaintiff, and then determine the legal question of whether the defendant is entitled to qualified immunity under that version of the facts. Id.

---

[1] Whitner's complaint also named as a defendant Habersham County Sheriff Rick Moore and asserted violations of the Fifth, Ninth, and Fourteenth Amendments as to both defendants. In the district court, after the defendants filed their answer and motion for summary judgment based on qualified immunity, in his brief opposing summary judgment, Whitner withdrew all claims except for the Fourth Amendment claim against Deputy Segars. Thus, that is the only claim before us.

As we observed in Lee v. Ferraro:

> Qualified immunity offers "complete protection for government officials sued in their individual capacities as long as 'their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" Thomas v. Roberts, 261 F.3d 1160, 1170 (11th Cir. 2001) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738, 73 L. Ed. 2d 396 (1982)) (additional quotations omitted). The purpose of this immunity is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, see Anderson v. Creighton, 483 U.S. 635, 638, 107 S. Ct. 3034, 3038, 97 L. Ed. 2d 523 (1987), protecting from suit "all but the plainly incompetent or one who is knowingly violating the federal law." Willingham v. Loughnan, 261 F.3d 1178, 1187 (11th Cir. 2001). Because qualified immunity is a defense not only from liability, but also from suit, it is "important for a court to ascertain the validity of a qualified immunity defense as early in the lawsuit as possible." GJR Invs., Inc. v. County of Escambia, 132 F.3d 1359, 1370 (11th Cir. 1998) (citation omitted).

284 F.3d at 1193-94.

To be shielded from suit by qualified immunity, a public official must first show that he was acting within the scope of his discretionary authority. See Vinyard v. Wilson, 311 F.3d 1340, 1336 (11th Cir. 2002). If he does so, the burden then shifts to the plaintiff to show, first, facts establishing that a constitutional violation occurred, and second, that the constitutional right was clearly established at the time of the violation. Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 2156, 150 L. Ed. 2d 272 (2001). Here, it is undisputed that Deputy Segars was acting within the scope of his discretionary authority at all material times.

3

On the first prong of Saucier, it is well-settled that an arrest without probable cause violates the Fourth Amendment. See Durruthy v. Pastor, 351 F.3d 1080, 1088 (11th Cir. 2003), cert. denied, 125 S. Ct. 45 (2004). Probable cause to arrest exists when an arrest is "objectively reasonable based on the totality of the circumstances." Lee v. Ferraro, 284 F.3d at 1195. "This standard is met when the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Id. (citations and quotation marks omitted).

An officer is entitled to qualified immunity if there was even "arguable" probable cause to arrest the defendant, regardless of whether the facts later establish that probable cause did not exist. Durruthy, 351 F.3d at 1089. Whether the officer acted without justification is measured by a purely objective standard of what a reasonable officer in the defendant's position would have perceived. See Nolin v. Isbell, 207 F.3d 1253, 1256 n. 2 (11th Cir. 2000) (observing "the subjective intent of an officer does not affect the existence of a Fourth Amendment violation").

Whitner argues qualified immunity was improvidently granted because no reasonable officer would have believed that probable cause existed to arrest him for obstruction of a law enforcement officer because his tractor-trailer vehicle was

4

parked on a private, as opposed to a public, road at the time of his confrontation with Deputy Segars on August 15, 2003. At the time of this confrontation, Deputy Segars had been dispatched to the location in response to a call concerning a trailer parked in the roadway of Chieftain Trail. Upon his arrival, a little after midnight, Deputy Segars observed an unilluminated flatbed trailer parked at least four feet into the roadway, at a point where Chieftain Trail broke off and curved away from Snowy River Place. Segars explained that due to the configuration of the roads -- the trailer was parked just around a bend -- he was concerned it posed a safety hazard since a motorist coming around the bend might fail to see the trailer until it was too late.

After calling a wrecker company to tow the trailer from the road, Deputy Segars encountered Whitner at his nearby house and learned that the trailer belonged to Whitner. Deputy Segars asked Whitner to move the trailer, which, again, constituted a road hazard. During the ensuing exchange, Whitner refused to move the trailer from the road in response to numerous requests by Segars and threatened to sue Segars multiple times if the vehicle was towed. Whitner also proceeded to move the tractor portion of the vehicle from his driveway onto the road and hitch it to the trailer so that now both the tractor and the trailer were on the bend in the road where Segars previously had indicated the trailer was a road hazard. Whitner then laid down in the back of the trailer after a wrecker service was called, told Segars to "write it [the

tractor-trailer] a ticket," and again ignored Segars's request to move the vehicle after Segars told him it was a road hazard. The tractor and trailer subsequently were towed and Segars arrested Whitner, charging him with obstruction of a law enforcement officer and writing him a ticket for improper parking.

Deputy Segars maintains that he is entitled to qualified immunity because his belief that the road in question was a public road on which the traffic laws were required to be enforced was a reasonable one and, after he asked Whitner to move the vehicle, Whitner's subsequent conduct obstructed the performance of Seger's law enforcement duties. We agree. As the district court put it:

> At best, however, the court finds that Whitner believed Chieftain Trail was a private road and that the Habersham Superior Court order [denying Whitner's request for mandamus relief directing, inter alia, the County to maintain Chieftain Trail] supported his position. While Whitner argues that this information obligated Segars to determine whether he had lawful authority, Whitner has not cited any statutory or case law that clearly provided Segars with "fair and clear waning" that seeking to remove the tractor and trailer from Chieftain Trail and arresting Whitner for obstruction violated his Fourth Amendment rights. . . . It would appear that the plaintiff in this case was unhappy with a court ruling involving Chieftain Trail. It would appear that he was deliberately endeavoring to set a trap for the law enforcement officer, who apparently had no knowledge of the previous dispute but believed the road to be public.

On this record, even if Deputy Segars was mistaken as to the private or public nature of Chieftain Trail,[2] we conclude that he had, at the very least, <u>arguable</u> probable cause to arrest Whitner and have his vehicle removed after Whitner committed the misdemeanor offense of obstruction of a law enforcement officer under Georgia law.[3]

Simply put, a reasonable officer could have believed, in light of the information Segars possessed, that he had probable cause to arrest for obstruction of a law enforcement officer. See <u>Montoute v. Carr</u>, 114 F.3d 181, 184 (11th Cir. 1997) (holding that arguable probable cause exists when "an officer reasonably could have

---

[2] In April 2002, Whitner had petitioned the Habersham County Superior Court for a writ of mandamus directing the County to maintain Snowy River Place and Chieftain Trail, which were dirt and gravel roads leading to Whitner's house. The Superior Court denied mandamus relief, noting that although the roads in question were <u>public</u> and "there has never been any limit to the public's access to use the road," the County had not "accepted" the dedication and, thus, could not be ordered, by a mandamus petition, to maintain it. In any event, we are satisfied that Deputy Segars's belief that the road was public and, thus, the traffic laws were enforceable on it, was a reasonable one. We note that under Georgia law, Chieftain Trail meets the definition of a "public road" by virtue of the <u>undisputed</u> fact that it is "open to the public and intended or used for its enjoyment and for the passage of vehicles," O.C.G.A. § 32-1-3(24).

[3] The "essential elements" of misdemeanor obstruction of a law enforcement officer are: "(1) knowingly and willingly obstructing or hindering, (2) any law enforcement officer, (3) in the lawful discharge of his official duties." <u>Larkin v. State</u>, 495 S.E.2d 605, 606 (Ga. Ct. App. 1998); see also <u>Berrian v. State</u>, 608 S.E.2d 540, 541 (Ga. Ct. App. 2004). "'The statute was made purposefully broad to cover actions which might not be otherwise unlawful, but which obstructed or hindered law enforcement officers in carrying out their duties.'" <u>Berrian</u>, 608 S.E.2d at 541 (quoting <u>Weidmann v. State</u>, 476 S.E.2d 18 (Ga. Ct. App. 1996)). In this appeal, Whitner challenges the last element of the crime, arguing that Segars was not in the lawful discharge of his duties because Chieftain Trail was not a public road. We have dispensed with his argument concerning the public nature of the road in the foregoing footnote and, accordingly, also conclude that Segars had a duty to enforce the traffic laws on Chieftain Trail. See O.C.G.A. § 32-1-9 (imposing duty on law enforcement officers to enforce traffic laws).

believed that probable cause existed, in light of the information the officer possessed"). Accordingly, Whitner has not stated a violation of his Fourth Amendment rights, sufficient to satisfy the first prong of Saucier.[4] Based on our de novo review, the district court did not err by granting summary judgment based on qualified immunity.

**AFFIRMED.**

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia

---

[4] We add that even if Whitner could somehow meet the first prong of Saucier, he would not succeed under the second prong because no law from the United States Supreme Court, the Georgia Supreme Court, or this Court clearly established at the time of the incident that an officer could not arrest an individual for obstruction of a law enforcement officer under these circumstances. See Jenkins by Hall v. Talladega City Bd. of Educ., 115 F.3d 821, 826 n. 4 (11th Cir. 1997) ("In this circuit, the law can be clearly established for qualified immunity purposes only by decisions of the U.S. Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose.") (internal quotations omitted).